Robert E. Schroth, Sr., SBN 5-2828
Robert E. Schroth, Jr., SBN 6-3489
Schroth & Schroth, LLC
P.O. Box 8827
610 West Broadway
Jackson, WY 83002
(307) 733-5610
FAX (307)-733-1058
rschroth@schrothandschroth.com

Attorneys for Plaintiff,

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 09 2016
1:31 p.m
Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT,

## DISTRICT OF WYOMING

| | |
|---|---|
| MICHAEL L. ROBERTS and JESSICA E. WAYBRIGHT, Husband & Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>JACKSON HOLE MOUNTAIN RESORT CORPORATION, a Wyoming Corporation,<br>Defendants. | Case No.: 16-CV-24-S<br><br>**COMPLAINT FOR PESONAL INJURIES, PREMISES LIABILTY; NEGLIGENCE; NEGLIGENT TRAINING AND SUPERVISION; LOSS OF CONSORTIUM** |

Plaintiffs, Michael L. Roberts and Jessica E. Waybright, Husband and Wife, allege by and through their attorney, Robert E. Schroth, Sr. of Schroth & Schroth, LLC and state as follows:

### JURSIDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C. §1332 in that the parties are citizens and residents of different states and the amount in controversy is in excess of Seventy Five Thousand

Dollars ($75,000.00) exclusive of costs and interest, and this Court has proper jurisdiction. The proper venue for this cause of action is the United States District Court for the District of Wyoming pursuant to 28 U.S.C. §1391 since the claim arose in this judicial district and because the acts and omission complained of occurred within the District of Wyoming.

2. Plaintiffs Michael L. Roberts and Jessica E. Waybright were and are at all times relevant herein husband and wife and are residents of the State of California.

### FACTS COMMON TO ALL CAUSES OF ACTION

3. At all times mentioned herein Defendant, Jackson Hole Mountain Resort, hereafter referred to as "JHMRC" was, and is, a corporation duly organized and existing under the laws of the State of Wyoming with offices at 3395 Cody Lane, Teton Village, Wyoming 83025.

4. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant herein the United States of America was and still is the owner of real property, commonly known as the Jackson Hole Ski Area located at Teton Village, County of Teton, Wyoming.

6. Plaintiffs are informed and believe and thereon allege that at all times relevant herein said real property was managed, controlled and operated under the direction of the United States Forest Service, a government agency.

7. Plaintiffs are informed and believe and thereon allege that at all times relevant herein said real property, known as the Jackson Hole Mountain Resort was leased by the United States Forest Service ("USFS") to a private corporation known as the JACKSON HOLE MOUNTAIN

RESORT CORPORATION (hereafter referred to as "JHMRC") for the purpose of operating a recreational ski area and resort.

8.     Plaintiffs are informed and believe and thereon allege that the USFS issued a use permit to the JHMRC for the right to possess, control and operate a ski area located on the land owned by the United States Forest Service, a division of the United States Department of Agriculture, a government agency of the United States of America, at Teton Village, County of Teton, Wyoming.

9.     Plaintiffs are informed and believe and thereon allege that representatives of the Bridger Teton National Forest were involved in the formulation and preparation of an operating plan for the ski area containing provisions for the safety of users of the land of which certain provisions would become part of the permit issued to the "JHMRC".

10.    The JHMRC as a lessee or occupier of land owes a duty of care to users of the premises, such as the Plaintiff, Michael Roberts, when government owned premises are leased to third persons for recreational use. The USFS receives a fee from the "JHMRC" based on the number of skiers who ski at the ski area.

11.    Plaintiff Michael Roberts was issued a ski pass by JHMRC for February 4th, 2014 for which he paid valuable consideration. On or about February 4th, 2014 Plaintiff was skiing at the Jackson Hole Ski Area, when he entered an area known as Saratoga Bowl, which is inspected and maintained by the JHMRC. Plaintiff Michael Roberts then, while attempting to ski down the bowl, encountered a dangerous unmarked boulder field and fell into a large hole between the boulders which were also unmarked. Said area was negligently designed, managed and maintained by Defendants. The trail that Plaintiff was skiing on led directly into the unmarked boulder field which caused Plaintiff to fall approximately six (6) feet and become wedged between large

boulders causing the Plaintiff to violently strike various portions of his body against the ground and suffer severe life threatening injuries.

12.     At the time of his fall, Plaintiff was wearing a helmet.

## FIRST CAUSE OF ACTION

## [PREMISES LIABLITY]

13.     Plaintiffs incorporate paragraphs 1 through 12 as though fully set forth herein.

14.     At all times herein mentioned, Defendants, and each of them, owned, leased, maintained, controlled, managed, and operated the business premises known as the Jackson Hole Ski Area, located at Teton Village, Teton County, Wyoming.

15.     On or about February 4th, 2014, Plaintiff was skiing at the Jackson Hole Ski Area after purchasing a ticket for valuable consideration to ski at the Ski Area.  As such the owners and/or occupiers of the Jackson Hole Ski Area, the Defendants, JHMRC owed a duty of care to the decedent.  The Defendants, United States Forrest Service as an owner or occupier of land, owed a duty of care to the Plaintiff when government-owed premises are leased to third persons for recreational use.

16.     At the aforementioned time and place, Defendants, and each of them, negligently maintained, managed, controlled, and operated the Jackson Hole Ski Area, in that a very dangerous feature was allowed to remain undetectable by skiers on a ski run promoted by Defendants for use by skiers within the boundaries of the ski area located at the Jackson Hole Ski Area, which Defendants knew, or in the exercise of reasonable care should have known, constituted an extremely dangerous condition and unreasonable risk of harm of which Mr. Roberts was unaware. Defendants negligently failed to take steps to either make the condition safe or warn Plaintiff and all others similarly situated of the dangerous condition, all of which caused Mr. Roberts to ski

down the marked ski run into an unmarked boulder field and fall approximately 6 feet, striking numerous granite boulders below and to suffer severe bodily injuries and damages hereinafter described.

17. As a proximate result of the negligence of Defendants, and each of them, Mr. Roberts was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries caused and continue to cause great mental, physical, and nervous pain and suffering. As a result of such injuries, Plaintiffs have suffered general damages in an amount according to proof at the time of trial.

18. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and can reasonably expect to incur in the future, medical and related expenses in an amount according to proof at the time of trial.

19. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and will incur in the future a loss of earnings and earning capacity according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### [Complaint for Damages for Personal Injury Based on Negligence by Recreational User Against Owner of Real Property]

20. Plaintiff's incorporates paragraphs 1 through 23 as though fully set forth herein.

21. On or about February 4th, 2014 Mr. Roberts was skiing on that certain real property located in Teton County, Wyoming, described as the Jackson Hole Ski Area, when he fell and was severely injured when he fell into an unmarked hole while attempting to ski down Saratoga Bowl located on the premises.

22. At the aforementioned time and place, Defendants, JHMRC, leased, maintained, controlled, managed, and operated the premises.

23. Prior to the aforementioned, Mr. Roberts paid the Defendants valuable consideration to ski at the Jackson Hole Ski Area and for which the Defendants owed a duty of care to the Plaintiffs.

24. Prior to the aforementioned, the Defendant, JHMRC, paid the USFS a specified sum of money based on the number of customers at the Jackson Hole Ski Area and for which the Defendants owed a duty of care to the Plaintiff and others to avoid causing injury. At the aforementioned time and place, Defendants, and each of them, negligently maintained, controlled, managed, and operated the premises, in that Defendants knew or, in the exercise of reasonable care, should have known that the unmarked "rock pile" was at all times a dangerous condition and constituted an unreasonable risk of harm to Plaintiff and others similarly situated of which Mr. Roberts was at all times unaware. Defendants negligently failed to maintain the ski slope with the "rock pile" in a safe condition or warn Mr. Roberts of its unsafe condition, so that he, in attempting to ski down Saratoga Bowl, would avoid the "rock pile" where he fell and suffered the injuries herein described.

25. As a result of the negligence of Defendants, and each of them, Mr. Roberts was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries caused and will continue to cause great mental, physical, and nervous pain and suffering. Plaintiffs are informed and believe and thereon allege that such injuries will result in permanent disabilities. As a result of such injuries, Mr. Roberts has and will continue to suffer general damages in an amount according to proof at the time of trial.

26.     As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and will continue to incur in the future, medical and related expenses in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

### Negligent Training and Supervision

27.     Plaintiffs incorporate each and every averment set forth in each paragraph heretofore stated.

28.     Plaintiffs are informed and believe that in doing the acts alleged herein, that Defendant was negligent because it knew, or in the exercise of reasonable diligence should have known, its employees were neither qualified nor able to safely design, construct or manage, ski trails, service road and or signage.

29.     Defendant knew, or in the exercise of reasonable diligence should have known, that its employees' inability to safely design, construct or manage the ski area caused risks to Plaintiffs and other skiers not inherent in a normal day or recreational skiing.

30.     Defendant further failed to adequately train or supervise its employees in their performance of their jobs in designing, constructing and managing the ski area.

31.     The failure of Defendant to train or supervise its employees was a proximate cause of Plaintiffs' injuries.

32.     As a direct and proximate result of Defendant's negligent training and supervision, Plaintiff suffered injury and damages as specifically set forth in this Complaint and incorporated herein.

## Damages

### Plaintiff Michael Roberts

33. Plaintiff incorporate each and every averment set forth in each paragraph heretofore stated.

34. As a direct and proximate result of the Defendant's negligent acts and/or omissions mentioned herein above, Plaintiff Michael Roberts suffered life threatening injuries to his person, leaving him in constant pain, for which he is entitled to receive:

   a. Medical expenses for part, current and future medical needs case and treatment, including without limitation, surgeries, physical therapy, medications, massage, and prosthetics;

   b. Expenses for non-medical equipment necessary to allow Plaintiff to attempt to live a normal life including but not limited to, child care, specially equipped vehicles, real property, access ramps, specially designed wheel chairs, special bathing apparatus and toilets, sinks, lifts, etc;

   c. Lost past, current and future wages;

   d. Past and future pain, suffering, scarring, emotional distress and loss of use of body in an amount to be proved at trial;

   e. Disability and/or disfigurement;

   f. Loss of earnings and earning capacity;

   g. Loss of bond with his young son;

   h. Loss of enjoyment of life in an amount to be proved at trial; and

   i. Costs of this action and for other further relief as the court deems equitable and proper.

### Plaintiff Jessica Waybright

35. As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff Jessica Waybright has lost the service, companionship, comfort, society, affection, love, guidance, and sexual relations of her husband Michael Roberts, all in an amount to be proven at trial for which Defendant is liable.

### Jury Demand

36. Pursuant to Rule 38(c), Fed.R.Civ.P., Plaintiffs hereby demand a trial by jury.

WHEREFORE, Plaintiffs pray judgment as follows:

1. For general damages in an amount according to proof at trial;

2. For special damages in an amount to be proven at trial;

3. For interest on all economic damages in the legal amount from February 4th, 2014, to the date of judgment;

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

Dated this 3rd day of February, 2016.

By: _____
ROBERT E. SCHROTH, SR.
Attorney for Plaintiff